Johnson, C. J.
I dissent from the 1st point of the syllabus, for the reason stated in Levi v. Earl, 30 Ohio St. 147.
I concur in the judgment, however, upon the facts stated in the record, but differ from my brethren as to the effect of the act of 1846, on the general property of a married woman, acquired after that act took effect, as to the husband’s rights in her land during coverture.
It is said in substance that the only effect of the act of *533 1816, was to limit the freehold estate of 1he husband jura uxoris, so as to exempt such estate from being taken for his debts, or being sold of incumbered by him, during her life or the life or lives of the heirs of her body and therefore the estate was one of freehold vested in him alone during coverture, which entitles him to sole possession with the exclusive light to the rents issues and profits of the land.
In my judgment the effect of the act of 1816 goes farther than this, and should be so construed. Its sole object was, to protect married women and the heirs of their bodies, in the enjoyment of the possession, rents, issues and profits, of their general estate, acquired after the act of 1816, in common with their husbands during coverture, and during the life of heirs of their bodies. This was done by taking from him all the common law incidents of sole freehold estate jure uxoris. It is not liable for his debts, nor could he sell or incumber it without the wife consented by joining in a valid conveyance.
It was solely for her benefit, and that of the heirs of her body during their lives. Without taking time to demonstrate' this, I content myself with simply stating, that as to lands acquired by a married woman after the act of 1816, her husband acquires an estate of freehold, in common with his. wife, the owner of the fee, and that she, jointly with him, is entitled to the possession, rents, issues and profits. It follows, that this interest of the wife during coverture became the separate property of the wife by virtue of the acts of 1861 and 1866. Hence I concur in the judgment, but think that this joint interest of the wife in common with her husband is under the acts of 1861 and 1866 chargeable.